**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANDREW AVANT**

**Vs.**                                                      **Case No.: 3:26-cv-128**

**CITY OF BATON ROUGE, AND**
**OFFICER JORDAN RAYMOND,** *Individually*

---

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. 1983**
**AND RELATED STATE LAW TORTS**

---

NOW INTO COURT, through undersigned counsel, comes **ANDREW AVANT** (**"Plaintiff"** or **"Avant"** or **"Plaintiff Avant"**), a person of full age and majority, domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents:

1.

This civil action is a lawsuit for damages resulting from violations of Plaintiff's U.S. Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and under State law claims of battery brought by Andrew Avant, natural person of full age and majority, for personal injury inflicted upon Plaintiff at the hands of City of Baton Rouge, Louisiana ("City"), and officer Jordan Raymond ("Officer Raymond" "Defendant Raymond"), working under color of authority of state law who used excessive force against Plaintiff. Damages are sought from severe mental anguish, embarrassment, and emotional injuries suffered by Plaintiff as well as for physical injuries sustained by Plaintiff, for which physical and mental injuries Plaintiff received treatment by medical personnel. The aforesaid injuries were suffered at the hand of Officer Raymond, who was employed by the City of Baton Rouge, Louisiana.

1

2.

This action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution and under the Civil Rights Act of 1871, 42. U.S.C. sections 1331 and 1343. Venue is proper under 28 U.S.C section 1391 in that all delictual acts occurred in the Middle District of Louisiana. Supplemental jurisdiction attaches to the state law tort actions under 28 U.S.C. 1367.

3.

**Made defendants herein are**:

- **Officer Raymond** (**"Officer Raymond"** or **"Defendant Raymond"**), who, based on knowledge, information and belief, was at all times relevant to this complaint employed as a police officer for the City of Baton Rouge, Louisiana, and acting in course and scope of that employment and under the color of state law. He is sued in his individual capacity.

- **City of Baton Rouge**, Louisiana (**"City"**), a municipality located in East Baton Rouge Parish, Louisiana, who as employer of Officer Raymond, is vicariously liable for all state law delicts of Defendant Raymond committed in the course and scope of his employment.

4.

**FACTS**

On or about March 2, 2025, Plaintiff Avant, a citizen of majority, was drinking at his friend's property, located near 2834 Greenwood Drive, Baton Rouge, Louisiana 70808. This area is commonly known as the "Perkins Overpass."

2

5.

Plaintiff's mother, Ginger Ford, requested a welfare check on Plaintiff. Subsequently, EMS, Baton Rouge Police, and Ms. Ford, arrived at the property, and made contact with Plaintiff. These events were captured by Officer Olivia Welda's body worn camera.[1]

6.

During the welfare check, as can be seen by the body worn camera footage, EMS and police surrounded Plaintiff, and advised him he had to be transported to the hospital for treatment. In response, Plaintiff knowingly refused care and attempted to disengage the encounter with the officers. When asked by an officer, "Are you all right," Plaintiff responded "yes."[2] Despite this, the officers refused to let him leave.[3]

7.

When Plaintiff continued to refuse care, an officer threatened, "Do you want to go to jail?"[4]

8.

Plaintiff repeatedly attempted to leave the scene and disengage the officers. Officers repeatedly cornered Plaintiff, telling him, "You're about to get put in handcuffs."[5]

9.

In Plaintiff's last attempt to leave, he said, "Don't put your hands on me." He then told a female officer, Officer Olivia Welda, "Ma'am, I have no problem with you, can I walk…"[6] Officer Olivia Welda pushed Plaintiff Avant's arm away.

---

[1] When inquired on the blurriness and the quality on the body worn camera footage, Baton Rouge Police Department provided that the video was blurred for "privacy concerns," and that an unblurred version could only be obtained via subpoena duces tecum. Additionally, portions of the video lack audio. On information and belief, the officer muted the body worn camera during portions of the interaction.

[2] Exhibit A – Body Worn Camera Footage at 2:28

[3] Exhibit A – Body Worn Camera Footage at 2:56

[4] Exhibit A – Body Worn Camera Footage at 3:24

[5] Exhibit A – Body Worn Camera Footage at 4:17

[6] Exhibit A – Body Worn Camera Footage at 4:49

10.

Officer Raymond then grabbed Plaintiff's left arm, telling him, "You're getting put in handcuffs."[7]  Immediately after, Officer Raymond, the officer who grabbed Plaintiff's left arm, proceeded to forcefully trip and slam Plaintiff's face first into the gravel path.[8]  This trip was excessive and unnecessary since there was no probable cause to arrest Plaintiff. This was a welfare check and Plaintiff did not want to go with EMS, which is his right.

11.

As a result of this illegal seizure of his person, Plaintiff Avant sustained nasal bone fractures, post-traumatic septal deviation and difficulty breathing through his nose, which was unimproved with conservative measures and medical management alone. Plaintiff had surgical reconstruction to enable him to breathe properly.



12.

**CAUSE OF ACTION 1:**
**VIOLATION OF 4TH AMENDMENT: ILLEGAL SEIZURE, EXCESSIVE FORCE**

---

[7] Exhibit A – Body Worn Camera Footage at 4:57
[8] Exhibit A – Body Worn Camera Footage at 4:58

4

Defendant Officer Raymond unreasonably seized Plaintiff and used excessive force in violation of the Fourth Amendment, which resulted in the injury of a citizen who had the constitutional right to refuse medical care. This unreasonable seizure and excessive force resulted in Plaintiff requiring nasal surgery to treat serious injuries, including a fractured nasal bone and post-traumatic septal deviation.

13.

All delicts occurred in East Baton Rouge; venue is thus proper. Plaintiff seeks reasonable attorney's fee under 42 U.S.C. 2000 *et. seq*.

14.

Plaintiff also seeks exemplary damages for willful indifference to his federally protected rights on the part of Defendant Raymond.

## STATE LAW CLAIMS

Plaintiff incorporates all preceding allegations herein.

15.

## CAUSE OF ACTION 2: BATTERY

Defendant Raymond committed a battery on Plaintiff, causing general and special damages, including pain and suffering, mental anguish, worry, anxiety and loss of enjoyment of life, as well as medical bills.  After conservative treatment failed to resolve his injuries, Plaintiff had nasal surgery to repair the injuries caused by Defendant Raymond.

16.

## PLAINTIFF AVANT'S RIGHT TO REFUSE MEDICAL TREATMENT

Plaintiff had the right to refuse medical care, pursuant to Louisiana Revised Statute 40:1159.7 and Louisiana Revised Statute 40:1151(A)(1):

> §1159.7. Right of adult to refuse treatment as to his own person not abridged
> Nothing contained herein shall be construed to abridge any right of a person eighteen years of age or over to refuse to consent to medical or surgical treatment as to his own person.

> §1151. Legislative purpose, findings and intent
> A. Purpose and findings. (1) The legislature finds that **all persons have the fundamental right to control the decisions relating to their own medical care**, including the decision to have life-sustaining procedures withheld or withdrawn in instances where such persons are diagnosed as having a terminal and irreversible condition.

17.

Indeed, the United States Supreme Court also discussed this right to refuse treatment in *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 269, 110 S.Ct. 2841, 2846-47, 111 L.Ed.2d 224, 236 (1990), providing:

> "no right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Union Pacific R. Co.* v. *Botsford*, 141 U.S. 250, 251, 35 L. Ed. 734, 11 S. Ct. 1000 (1891). This notion of bodily integrity has been embodied in the requirement that informed consent is generally required for medical treatment. Justice Cardozo, while on the Court of Appeals of New York, aptly described this doctrine: "Every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent commits an assault, for which he is liable in damages." *Schloendorff* v. *Society of New York Hospital*, 211 N.Y. 125, 129-130, 105 N.E. 92, 93 (1914).

18.

At the time of the incident in this case at bar, Plaintiff was 41 years old. By his appearance, it was clear to officers that he was of his adult years. Furthermore, Plaintiff was fully coherent. After he confirmed that he was alright and did not need medical treatment, EMS and officers' contact should have ended there.

19.

## PLAINTIFF AVANT'S RIGHT TO RESIST AN UNLAWFUL ARREST

Plaintiff holds that there was no resistance. Nevertheless, *assuming arguendo* there was, Plaintiff possessed the constitutional right to resist an unlawful arrest.

20.

It is a long-established principle in Louisiana law that a citizen has the right to resist an unlawful arrest. (Citations omitted) *City of Monroe v. Ducas*, 203 La. 971, 14 So.2d 781 (1943); La.R.S. 14:108; C.Cr.P. art. 220. As provided, in *Monroe v. Ducas*, *supra*:

> "The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and, in preventing such illegal restraint of his liberty, he may use such force as may be necessary." 14 So.2d at 784.*State v. Lindsay*, 388 So.2d 781, 782 (La. 1980)

21.

Plaintiff possessed the right to refuse medical care. Officers had no legal authority to prevent Plaintiff from disengaging with the officers and EMS. The officers and EMS were responding to a welfare check. There was no evidence of a disturbance, nor was there evidence of a crime.

22.

The City of Baton Rouge, as employer of Defendant Raymond, is vicariously liable for all state law delicts caused by Defendant Raymond in the course and scope of his employment as a police officer for the City of Baton Rouge.

23.

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that a copy of the complaint be served upon the Defendants, that they be cited to answer within the delays allowed by law and that after all due proceedings, a judgment be rendered in favor of Plaintiff and against Defendants awarding damages as determined at trial, court costs, punitive damages, reasonable attorney's fees, interest on attorney's fees, judicial interest from date of amicable demand and all other relief equity and justice require.

Respectfully Submitted,

*/s/Joseph Long*

Joseph J Long (La. Bar Roll #25968)
Ryan T. Hau, (La. Bar Roll #41776)
251 Florida Street, Suite 308
Baton Rouge, LA 70801
(225) 343-7288
JOE@LEGAL225.COM
RYAN@LEGAL225.COM

*Counsel for Plaintiff, Andrew Avant*